IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD PUSTOVRH<br><br>       Plaintiff, | CIVIL ACTION No.: _____ |
| v | COMPLAINT<br><br>**<u>JURY TRIAL DEMANDED</u>** |
| SGT. JAMES SPINGOLA,<br>(as an individual and in his capacity as Sergeant of the Canonsburg Police Department),<br><br>BOROUGH OF CANONSBURG<br>(a Pennsylvania municipality),<br><br>and<br><br>CANONSBURG POLICE DEPARTMENT<br><br>       Defendants. | FILED ON BEHALF OF:  Plaintiff, Richard Pustovrh<br><br>COUNSEL OF RECORD:<br>**KEITH OWEN CAMPBELL**<br><br>LAW OFFICE OF KEITH OWEN CAMPBELL<br>31 North Main Street<br>Washington, PA 15301<br><br>PA ID#: 93843<br><br>724.228.3825<br>Fax 228.3827 |

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD PUSTOVRH** | |
|     Plaintiff, | CIVIL ACTION No.: _____ |
| | |
| v | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| **SGT. JAMES SPINGOLA,** | |
| (as an individual and in his capacity as Sergeant of the Canonsburg Police Department), | |
| **BOROUGH OF CANONSBURG** (a Pennsylvania municipality), | |
| and | |
| **CANONSBURG POLICE DEPARTMENT** | |
|     Defendants. | |

## COMPLAINT

**AND NOW COMES**, this \_\_\_\_ day of _____, 2014, Plaintiff, Richard Pustovrh, by and through his attorney, Keith Owen Campbell, Attorney at Law, and files the within Complaint against the Borough of Canonsburg Police Department and Sgt. James Spingola, Defendants, and in support thereof avers as follows:

1.    This action is for declaratory judgment and money damages brought under 42 U.S.C. § 1983 and First, Fourth, and Fourteenth Amendments to the United States Constitution against the Borough of Canonsburg Police Department (hereinafter referred to as "Canonsburg Police Department) and Sergeant James Spingola, Shield No. 560 (hereinafter referred to as "Sgt. Spingola"), the officer who committed the acts complained herein.  Plaintiff alleges that the Borough of Canonsburg Police Department has a custom, pattern, practice, and/or policy of authorizing its officers to issue citations

illegally to citizens under Pennsylvania's disorderly conduct statute based on their use of speech protected under the First Amendment.  Plaintiff further alleges that the Canonsburg Police Department fails to properly train and/or discipline its officers who issue said citation illegally.  Pursuant to this custom, pattern, practice, policy, and/or failure to properly train and/or discipline, Sgt. Spingola unlawfully issued a disorderly conduct citation and maliciously prosecuted Plaintiff based solely on Plaintiff's conduct of using the word "Fuck" to show his frustration to Sgt. Spingola's verbal direction to leave the premises of Plaintiff's employment.

## JURISDICTION

2. This Honorable Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1), (3) and (4) and 42 U.S.C. § 1983.  This Honorable Court has jurisdiction to issue the requested declaratory relief pursuant to 28 U.S.C. §1367(a), 2201 and 2202.  Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

## PARTIES

3. Plaintiff, Richard Pustovrh, is an adult male residing within Washington County specifically at 109 Pine Ave, Houston, PA 15432.

4. Defendant, Canonsburg Police Department, is a municipal government entity organized under the laws of Pennsylvania, with its main office located at 68 E Pike St, Canonsburg, PA 15317.  The Canonsburg Police Department has a legal responsibility to operate according to the laws of the United States and the Commonwealth of Pennsylvania, including, but not limited to, the United States Constitution.

5. Defendant, Sgt. Spingola, is a police officer employed by and acting under the authority of the Canonsburg Police Department. Plaintiff names Sgt. Spingola in his individual capacity.

6. At all relevant times, the Defendants acted under the color of state law. At all relevant times, Defendant Sgt. Spingola acted within the scope of his employment by Defendant, Canonsburg Police Department.

## JURISDICTION AND VENUE

7. This action arises under the Constitution of the United States, particularly the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and under the laws of the United States, particularly that Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988 and is brought for damages and other appropriate relief for violation of Plaintiff's civil rights under color of State Law.

8. The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C.§1331 and § 1343(a) (1), (3), and (4).

9. The Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

### A. Factual Background of Events Occurring Prior to Sgt. Spingola's Unlawful Citation to Plaintiff

11. On 30 September 2012, Mr. Richard Pustovrh, herein after referred to as "Plaintiff", was scheduled to work at Auto Zone in Canonsburg, PA and arrived for his shift that began at 11:00 A.M.

12. Upon arrival to Auto Zone he was sent home by his managers after a discussion between Plaintiff and the on-duty managers. Once he returned home, Plaintiff realized he had left his phone charger at Auto Zone. He then returned to Auto Zone in order to retrieve the phone charger. However, due to being sent home earlier in the day Plaintiff was not to be back on Auto Zone property.

13. At this time a discussion ensued between Plaintiff and his mangers due to Plaintiff's return, at which time Plaintiff explained that he was simply attempting to retrieve his phone charger, which he had mistakenly left Auto Zone. Managers called the police due to Plaintiff being on the property.

14. Upon their arrival, the Police and particularly Officer Spingola began to question Plaintiff, during which time Plaintiff used the word "Fuck." (e.g. "I'm waiting for my fucking friend" and "This is Fucked up"). However, at no time did Plaintiff direct his statements at the Officer. Instead he merely used the word to vocalize his feelings and frustration that the situation was, as Plaintiff put it, "Fucked up."

15. After his use of this language, Officer Spingola approached Plaintiff and informed him to not use such language. Plaintiff again used said language and Officer Spingola then instructed Plaintiff to walk over to the police cruiser.

16. Officer Spingola unreasonably cuffed and detained Plaintiff in the police vehicle, specifically, due to his use of "Fuck." Officer Spingola then took Plaintiff to the Canonsburg police department, where he was unreasonably detained in a holding cell. Officer Spingola threatened that Plaintiff would either be placed in jail or would receive a fine for his use of obscene language.

17.     At no time during the events described above was Plaintiff intoxicated, incapacitated, a threat to himself or others, or disorderly.  Plaintiff did not commit any criminal offense.

18.     Furthermore, Plaintiff at no time was loud, aggressive, or in any way intending to cause public inconvenience, annoyance or alarm, nor did he recklessly create the risk thereof.

### B.     Unlawful Disorderly Conduct Citation

19.     Sgt. Spingola issued Plaintiff a citation charging him with violating Pennsylvania's disorderly conduct statute, 18 Pa. Cons. Stat. Ann. § 5503(a)(3), based on Plaintiff's conduct of using the word "Fuck" to describe his frustrations in the presence of Sgt. Spingola.

20.     Subsection (a)(3) of Pennsylvania's disorderly conduct statute, 18 Pa. Cons. Stat. Ann. § 5503(a)(3), makes it a crime if an individual uses "obscene language, or make[s] an obscene gesture with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating the risk thereof…"  The statute provides for a fine not to exceed $300 and/or imprisonment for a term not to exceed ninety (90) days.

21.     The courts have interpreted the language of the disorderly conduct statute narrowly, specifically the term obscene, to permit application only when the language or gesture satisfies the United States Supreme Court's test, adopted in Miller v. California, 413 U.S. 15 (1973), for obscene sexual conduct.

22.     Additionally, it is well settled in the Commonwealth of Pennsylvania, use of the word "Fuck" does not constitute obscene language, but instead is protected speech under the First Amendment.  See Commonwealth v. Bryner, 652 A.2d 909 (Pa. Super., 1995),

Commonwealth v. Kelly, 758 A.2d 1284, 1286 (Pa. Super. 2000), Commonwealth v. Hock, 556 Pa. 409 (Pa., 1999).

23. Sgt. Spingola attended the Plaintiff's preliminary hearing held on 04 December 2012 in front of District Magistrate David Mark.

24. Defendant, through Counsel, attempted to have the disorderly conduct citation dismissed at the summary hearing in front of District Magistrate Mark. During this hearing, Plaintiff's counsel urged District Magistrate Mark to drop the charges due to the violation of Plaintiff's first amendment rights.

25. Additionally, Officer Spingola testified at the hearing to the fact that the only reason for arresting Defendant was for the use of the word "Fuck." [Certified Transcript Attached].

26. At the conclusion of the preliminary hearing held on 04 December 2012, and with hearing testimony from Defendant, District Magistrate Mark found Plaintiff guilty of violating the disorderly conduct statute and imposed a fine and court costs totaling $25.00.

27. Plaintiff promptly filed an appeal.

28. Plaintiff, through his counsel, filed a letter brief on 13 July 2013.

29. Plaintiff's appeal occurred on 18 July 2013 in front of the Honorable Judge Gary Gillman, at which time the Assistant District Attorney withdrew any and all charges.

30. As a direct and proximate result of Defendants' actions, Plaintiff suffered the injuries and damages including, but not limited to:

    a. Violation of his rights under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free

from criminal prosecution or to be retaliated against in any way for engaging in constitutionality protected speech;

b.  Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from an unreasonable search and seizure of his person;

c.  Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from malicious prosecution;

d.  Loss of employment due to Officer Spingola's involvement and subsequent actions;

e.  Monetary loss;

f.  Incurring attorneys' fees and costs related to the criminal defense of Plaintiff;

g.  Loss of his physical liberty; and

h.  Physical pain and suffering, emotional trauma, humiliation, distress, personal humiliation, embarrassment, emotional harm, mental anguish, loss of enjoyment of life and injury to the personal reputation and feelings of Plaintiff.

31. Upon information and belief, the Canonsburg Police Department, by virtue of custom, pattern, practice, policy, and/or failure to appropriately train and/or discipline, authorizes its police officers to act in an unconstitutional fashion by improperly enforcing 18 Pa. Cons. Stat. Ann. § 5503(a)(3) against people who merely use inappropriate language incorrectly categorized as obscene language, which is, nevertheless, constitutionally protected speech.

32. Furthermore, Defendant Canonsburg Police Department's issuance of disorderly conduct citations under the obscenity portion of the statute serves no legitimate purpose, but instead is used solely to bully and harass individuals such as the Plaintiff and/or generate additional revenue

33. Upon information and belief, Defendant Canonsburg Police Department's policymakers and officials are deliberately indifferent, fail to appropriately train, and/or discipline its officers regarding the misapplication of the disorderly conduct statute to arrest and prosecute people engaged in constitutionally protected activity.

### COUNT I
### MALICIOUS PROSECUTION IN VIOLATION OF
### THE FOURTH AMENDMENT OF THE
### CONSTITUTION OF THE UNITED STATES
### (PUSTOVRH V. SPINGOLA)

34. Plaintiff hereby incorporates by reference paragraphs 1 through 33 inclusive as if fully set forth at length herein.

35. Sgt. Spingola initiated a criminal proceeding against Plaintiff without probable cause and for improper purposes, including for spite, revenge and related reactions to the incident which occurred on 30 September 2012.

36. The Summary Appeal filed by Plaintiff and held on 18 July 2013 before the Honorable Gary Gilman in the Court of Common Pleas in Washington County, Pennsylvania ended in Plaintiff's favor with all charges being dropped.

37. Sgt, Spingola acted with malice or for a purpose other than bringing Plaintiff to justice.

38. As a consequence of the proceeding, Plaintiff suffered a deprivation of liberty.

39.     Sgt. Spingola's actions violated Plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

40.     Defendants' prosecution of Plaintiff without appropriate legal foundation violated his Fourth Amendment right to be free from malicious prosecution, as that right is applied to the states by the Fourteenth Amendment to the United States Constitution

41.     Plaintiff has been harmed as a proximate result of Sgt. Spingola's conduct, under color of law, that was done willfully, deliberately and in reckless disregard for Plaintiff's rights and as a result, Plaintiff is entitled to the relief requested below.

## COUNT II
## HARM TO LIBERTY INTEREST IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES
### (PUSTOVRH V. SPINGOLA)

42.     Plaintiff hereby incorporates by reference paragraphs 1 through 41 inclusive as if fully set forth at length herein.

43.     Defendant's application of Pennsylvania's disorderly conduct statute, 18 Pa. Cons. Stat. Ann. § 5503(a)(3), to arrest and prosecute Plaintiff for engaging in constitutionally protected speech violated the First Amendment to the United States Constitution as it applies to the states through the Fourteenth Amendment to the United States Constitution.

44.     Sgt. Spingola's stop and subsequent detention of Plaintiff without reasonable suspicion or probable cause violated his Fourth Amendment right to be free from unreasonable searches and seizures, as that right is applied to the states by the Fourteenth Amendment to the United States Constitution.

45.     Plaintiff has a liberty interest in being free from arrest without probable cause and maintaining his reputation.

46. The actions of Sgt. Spingola filing charges against Plaintiff, in testifying against Plaintiff before the Magisterial District Judge and prosecuting Plaintiff have harmed Plaintiff's above-referenced liberty interests.

47. Sgt. Spingola's actions violated Plaintiff's rights under the Fourteenth Amendment of the Constitution of the United States.

48. Plaintiff has been harmed as a proximate result of Sgt. Spingola's conduct, under color of law, that was done willfully, deliberately and in reckless disregard for Plaintiff's rights and as a result, Plaintiff is entitled to the relief requested below.

### COUNT III
### RETALIATION FOR EXERCISE OF FREE EXPRESSION
### FIRST AMENDMENT
### (PUSTOVRH V. SPINGOLA)

49. Plaintiff hereby incorporates by reference paragraphs 1 through 47 inclusive as if fully set forth at length herein.

50. Sgt. Spingola had no legitimate lawful purpose for charging Plaintiff with Disorderly Conduct.

51. Sgt. Spingola took these actions in retaliation for Plaintiff's exercise of his rights of free expression under the First Amendment.

52. Plaintiff's statements during these events in question were lawful, legitimate, and constitutionally protected.

53. The facts and circumstances within Sgt. Spingola's knowledge at the time of the filing of the charges were not sufficient to warrant a reasonable officer to believe that a crime had been committed by Plaintiff.

54. Sgt. Spingola's conduct under the color of the law was willful, deliberate, and in reckless disregard of Plaintiff's rights and as a direct and proximate result of this conduct, Plaintiff has been harmed, and is entitled to relief as requested below.

### COUNT IV
### MALICIOUS PROSECUTION IN VIOLATION OF PENNSYLVANIA COMMON LAW
### (PUSTOVRH V. SPINGOLA)

55. Plaintiff hereby incorporates by reference paragraphs 1 through 54 inclusive as if fully set forth at length herein.

56. Defendants' initiated a criminal proceeding against Plaintiff without probable case and for an improper purpose.

57. A Summary Appeal was held and ended in Plaintiff's favor.

58. Sgt. Spingola acted with malice or for a purpose other than bringing Plaintiff to justice.

59. The actions of Defendants have harmed Plaintiff, and Plaintiff is entitled to relief as requested below.

### COUNT V
### ABUSE OF PROCESS IN VIOLATION OF PENNSYLVANIA COMMON LAW
### (PUSTOVRH V. SPINGOLA)

60. Plaintiff hereby incorporates by reference paragraphs 1 through 59 inclusive as if fully set forth at length herein.

61. Sgt. Spingola used legal process against Plaintiff primarily to accomplish a purpose or purposes for which the process was not designed, including but not limited to

retaliation against Plaintiff for the exercise of his constitutional rights, including free speech guaranteed by the First Amendment to the Constitution of the United States.

62. As a result of Sgt. Spingola's abuse of process, Plaintiff incurred expenses in defending himself and experienced harm to his personal reputation and feelings, mental anguish, humiliation, embarrassment, emotional harm, loss of employment, loss of enjoyment of life and injury to his feelings.

63. Plaintiff has been harmed by the actions of Sgt. Spingola's conduct, and is entitled to relief as requested below.

## COUNT VI
## MUNICIPAL LIABILITY
### (PUSTOVRH V. BOROUGH OF CANONSBURG AND CANONSBURG POLICE DEPARTMENT)

64. Plaintiff hereby incorporates by reference paragraphs 1 through 63 inclusive as if fully set forth at length herein.

65. At all times relevant to the conduct described herein, Sgt. Spingola was acting under the color of his authority as a law enforcement officer of the Borough of Canonsburg and, more specifically, the Canonsburg Police Department.

66. Supervisory officials in the Canonsburg Police Department maintained a significant and widespread policy or custom of failing to investigate, train, supervise, or discipline its employees, including Sgt. Spingola, sufficiently to detect, deter, or remedy their improper or unlawful behavior, including but not limited to their investigations, drafting of reports, criminal complaints and affidavits of probable cause and their cataloguing or detailing evidence for later production in prosecutions, including exculpatory evidence.

67.     Supervisory officials in the Canonsburg Police Department maintenance of such a policy or custom was done with a deliberate indifference to the fact that it would result in the violation of Plaintiff's right to be free from violations of his rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States.

68.     As a direct and proximate result of this policy or custom, Plaintiff has been harmed, and is entitled to relief as requested below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Richard Pustovrh, requests this Honorable Court grant the following relief:

    a.     Enter a declaratory judgment that the Defendants applied 18 Pa. Cons. Stat. Ann. § 5503(a)(3) in an unconstitutional fashion when Sgt. Spingola detained and issued a citation to Plaintiff;

    b.     Enter a declaratory judgment that the Defendant municipality and police department has a custom, pattern, practice, and/or police of applying 18 Pa. Cons. Stat. Ann. § 5503(a)(3) in an unconstitutional manner to retaliate against, and chill, citizens' First Amendment free-speech rights;

    c.     Enter an award for compensatory damages against all Defendants, jointly and severally, for personal humiliation, embarrassment, emotional harm, mental anguish, loss of enjoyment of life and injury to his personal reputation and feelings along with the expense of legal services and costs

that he needed and obtained to defend the actions instituted by Sgt. Spingola.

d.      Enter an award for punitive damages against all Defendants, jointly and severally, for conduct that was intentional, reckless, malicious or callously indifferent to Plaintiff's protected rights in the amount of one-hundred thousand and 00/100 dollars ($100,000) or an amount to be determined at trial;

e.      Enter an award for costs, expenses, and counsel fees pursuant to 42 U.S.C. § 1983; and

f.      Enter such other relief as this Honorable Court may deem just and deserving.

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, by and through his counsel, Keith Owen Campbell, and hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted this 22nd day of May 2014,
/S/ *Keith Owen Campbell*
Keith Owen Campbell   PAID 93843
Attorney at Law
724.228.3825
31 N. Main St.
Washington, PA  15301

/S/ *Travis J. Dunn*
Travis J. Dunn, Esquire   PAID 313948
724.228.3825
31 N. Main St.
Washington, PA  15301